IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL BRYCE HURLBUT                                              PLAINTIFF

v.                          Civil No. 6:18-CV-06016

DR. CHARLES LIGGETT, *et. al.*                                    DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Currently before the Court is Plaintiff's Motion to Seal his Address from Public View. (ECF No. 75).

The Federal Rules of Civil Procedure require that every "pleading, written motion, and other paper must be signed . . .[and] must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11. Rule 5.2 provides for privacy protection of personal identifying information, such as social security numbers, but does not provide such protection for the address of a party. Fed. R. Civ. P. 5.2(a). Plaintiff now advises the Court of his new address after being paroled from the Arkansas Department of Correction and asks that his new address be restricted from public view and available only to the Court, Clerk of Court, and counsel of record. (*Id*. at 1.). Plaintiff provides no grounds for this request, nor does he cite any legal authority in support of the request.

The Court "has supervisory control over its records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "Whether or not to seal a court file is a decision 'best left to the sound discretion of the trial court.'" *Duckworth v. St. Louis Metro. Police Dep't*, 654 F. App'x 249, 250 (8th Cir. 2016) (unpublished per curiam) (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)). In the Eighth Circuit, the common-law presumption provides that the public has a

right of access to judicial records in order to ensure "the public's confidence in, and the accountability of, the judiciary." *Flynt*, 885 F.3d at 511. The Eighth Circuit has further recognized "a modern trend in federal cases to treat pleadings in civil litigation as 'presumptively public.'" *Steele v. City of Burlington*, *Iowa*, 334 F. Supp. 972, 976-77 (S.D. Iowa Aug. 14, 2018) (citing *IDT Corp. v. eBay,* 709 F.3d 1220, 1222 (8th Cir. 2013)). The presumption of public access to court documents may be overcome only "if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Here, Plaintiff provides no reasons, compelling or otherwise, in support of his request. Accordingly, Plaintiff's Motion to Seal his Address from Public View (ECF No. 75) is **DENIED**.

Plaintiff is again **REMINDED** that he is required to follow the requirements of the Federal Rules of Civil Procedure. Plaintiff's continuous filing of motions, most of which are frivolous or duplicitous, is a waste of the Court's time and resources, prejudicial to Defendants, and impedes the resolution of this matter. Plaintiff is **WARNED** that further attempts to file duplicitous or frivolous pleadings could result in sanctions being imposed against him, including dismissal of his case.

IT IS SO ORDERED this 16th day of August 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE